EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ROBUSTIANO FLORES, acusado y apelante.

Núm. 9859.—*Sometido:* Marzo 11, 1943. *Resuelto:* Marzo 29, 1943.

*Antonio L. López,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo* y *Luis Negrón Fernández, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Los únicos errores señalados por el apelante en apoyo de este recurso son que la denuncia no aduce hechos constitutivos de delito y que la corte erró en la apreciación de la prueba.

El precepto legal de cuya infracción fué convicto el acusado es el artículo 288 del Código Penal, que en lo pertinente dice así:

"Toda persona que tuviere establecida una casa escandalosa . . . o mesón en que se promovieren desórdenes constantemente . . . será reo de *misdemeanor.*"

Y la denuncia en lo pertinente dice:

"El referido acusado Robustiano Flores, ilegal, voluntaria y maliciosamente, allí y entonces, a sabiendas, en la calle Padial de Caguas, Puerto Rico, tiene establecido un negocio (casa) café restaurant denominado 'Bar Corona', de su propiedad, donde habitualmente se perturba la paz y tranquilidad del inmediato vecindario; donde en altas horas de la noche hacen sonar tocan unas *velloneras* en alta sonoridad y donde se promueven escándalos constantemente."

Conviene observar que en la edición inglesa del precepto legal antes citado se usa la palabra "inn", que en la edición

española ha sido traducida por "mesón". Arguye el acusado que el vocablo "mesón" no comprende dentro de su significado la frase "café restaurant" que se dice en la denuncia es el establecimiento que posee el apelante.

La palabra "inn", según el diccionario de Webster, comprende un "establecimiento público para el hospedaje y entretenimiento de viajeros o transeúntes mediante compensación; un hotel; una hostería". La palabra "mesón", conforme la define el Diccionario de la Real Academia Española (Décima Sexta Edición, 1939), es una "casa pública donde por dinero se da albergue a viajeros, caballerías y carruajes". La palabra "restaurante", según el mismo diccionario, es un "establecimiento donde se sirven comidas".

El claro propósito del legislador fué evitar que en sitios públicos donde se congregan personas con el fin de obtener hospedaje o recibir comidas, se promuevan los escándalos a que dicho precepto legal se refiere. Si tenemos en cuenta lo dispuesto en el artículo 3 del Código Penal, dispositivo de que los artículos de dicho Código deberán interpretarse según el recto sentido de sus términos, a fin de que llene su objeto y facilite la administracción de justicia, fácilmente se comprenderá que el concepto "restaurante", sitio público donde pueden obtenerse comidas, está incluído dentro del concepto más amplio de "inn", donde se pueden obtener hospedaje y comidas, o una u otra cosa separadamente. Y siendo ésa la única razón por la cual el apelante alega que la denuncia no aduce hechos constitutivos del delito imputado, y como en realidad los aduce, procede concluir que no existe el primero de los errores señalados.

■ En cuanto al segundo la prueba fué contradictoria. Según la de cargo, en el establecimiento en cuestión se expendían bebidas embriagantes y se bailaba con una *vellonera* a un alto volumen; el establecimiento permanecía abierto día y noche y se formaban escándalos y alteraciones de la paz mediante discusiones y altercados en los cuales se pronun-

ciaban palabras obscenas en alta voz, que eran oídas por los vecinos del lugar, entre ellos mujeres y niños.

La de descargo tendió a demostrar que aunque en alguna que en otra ocasión la policía tuvo que intervenir con algunas mujeres y hombres borrachos, denunciándoles, sin embargo, nunca se produjeron escándalos ni desórdenes ni se alteraba la paz, ni se tocaban discos en las *velloneras* con alta tonalidad, etc. Siendo la prueba contradictoria y habiendo la corte dirimido el conflicto en contra del apelante, no habiéndose demostrado que al así hacerlo actuase movida por pasión, prejuicio o parcialidad o que cometiese error manifiesto en la apreciación de la prueba, no estamos justificados en alterar la conclusión a que llegara la corte sentenciadora.

*Procede por lo expuesto confirmar la sentencia apelada.*